UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              Case No. 8:24-cr-477-KKM-NHA

SHANNON PERNELL BROWN,

    Defendant.
_____

## ORDER

    A superseding indictment charges Shannon Pernell Brown with possessing a firearm or ammunition as a felon, possessing with intent to distribute marijuana, and possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. §§ 922(g)(1), 924(e), 924(c)(1)(A)(i); 21 U.S.C. §§ 841(a)(1), (b)(1)(D); Superseding Indictment (Doc. 27). Brown moves to dismiss Counts I and III because they violate the Second Amendment under recent Supreme Court precedent. *See* Mot. to Dismiss (MTD) (Doc. 38); *see also United States v. Rahimi*, 602 U.S. 680 (2024); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He moves mainly to preserve his appellate rights. *See* MTD at 1, 22.

    As Brown concedes, binding Eleventh Circuit precedent forecloses his argument that § 922(g)(1) violates his Second Amendment rights. *See United States*

*v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (per curiam) (holding constitutional § 922(g)(1)'s ban on felons possessing firearms); *United States v. Dubois*, 139 F.4th 887, 888–89 (11th Cir. 2025) (holding that neither *Rahimi* nor *Bruen* abrogated *Rozier*); *United States v. Beasley*, 702 F. Supp. 3d 1243, 1244 (M.D. Fla. 2023); *see also* MTD at 22 ("*Dubois* and *Rozier* are controlling authority here in the Eleventh Circuit, barring the relief Mr. Brown seeks now."). And Brown makes no argument about why Count III—charging Brown with possessing a firearm in furtherance of a drug trafficking crime—violates the Second Amendment under *Rahimi* and *Bruen*. *See* 18 U.S.C. § 924(c)(1)(A)(i). *See generally* MTD.

Brown's Motion to Dismiss (Doc. 38) is therefore **DENIED**.

**ORDERED** in Tampa, Florida, on July 16, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

2