**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES
of AMERICA,

v. Case No. 8:24-cr-477-KKM-NHA

SHANNON PERNELL BROWN,

Defendant.

___________________________________

**ORDER**

After an order denied his motion to suppress and a jury convicted him at trial, Shannon Pernell Brown moves to dismiss the indictment for lack of subject-matter jurisdiction, arguing that, because his initial arrest by Florida officials was unlawful, his subsequent federal prosecution and conviction present a legal "nullity." *See* Mot. (Doc. 171) at 1; Superseding Indictment (Doc. 27); Order Denying Motion to Suppress (Doc. 75); Adjudication of Guilt (Doc. 126). For the below reasons, I deny the motion.

To start, I have jurisdiction over this prosecution. *See* 18 U.S.C. § 3231; U.S. CONST. art. III, § 2. Congress in Section 3231 conferred original jurisdiction on district courts over prosecutions for "all offenses against the laws of the United States." Because every count in the indictment charges Brown with violations of federal criminal law, *see* Superseding Indictment at

2, I have jurisdiction. *See United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (holding that an indictment that charges a defendant with a federal offense establishes the district court's subject-matter jurisdiction under Section 3231 and Article III).

To try to undermine that jurisdiction, Brown argues that the absence of a state prosecution for the conduct that gave rise to his federal prosecution proves that his initial state-officer-conducted arrest was unlawful and thus undermines this Court's jurisdiction for a federal prosecution. *See* Mot. That argument fails. Even if Brown's initial arrest was unlawful, which it was not,[1] that would not deprive me of jurisdiction over the indictment as an unlawful arrest creates no *jurisdictional* defect in a federal indictment. *See United States v. Rodriguez*, 153 F. App'x 662, 664, n.2 (11th Cir. 2005) ("While an illegal arrest may result in the suppression of items seized as a result of it, . . . it will not divest the district court of jurisdiction to adjudicate the case against the defendant."); *United States v. Lall*, 607 F.3d 1277, 1288 (11th Cir. 2010) (explaining that suppression objections—unlike defects in subject-matter jurisdiction—are waivable). Brown's argument, in other words, amounts to a non-jurisdictional objection that I already addressed when

[1] As I explained when denying Brown's Motion to Suppress, *see* Order Denying Motion to Suppress, the arrest was not unlawful.

resolving the motion to suppress, *see* Order Denying Motion to Suppress, and is now untimely, *see* FED. R. CRIM. P. 12(b)(3)(C) (requiring motions to suppress be filed before trial); Scheduling Order (Doc. 18) at 6 (setting a thirty-day deadline for such motions from the November 20, 2024, entry of the order); First Extension (Doc. 34) (moving the deadline to June 27, 2025); Second Extension (Doc. 40) (moving the deadline to July 11, 2025).

To the extent that Brown argues that jurisdiction for his federal prosecution hinges on whether Florida prosecutes Brown for the same act, that gets dual sovereignty backwards. Within the federal system, Florida's decision to refrain from prosecuting Brown (as an independent sovereign) in no way jurisdictionally undermines the federal government's independent, sovereign decision to prosecute Brown. *See Gamble v. United States*, 587 U.S. 678, 681 (2019); *United States v. De La Rosa*, 922 F.2d 675, 678–79 (11th Cir. 1991). At bottom, because Brown can point to no valid "separate limit" on my subject-matter jurisdiction, his objection fails. *See De La Garza*, 516 F.3d at 1271.

Brown's Motion to Dismiss (Doc. 171) is therefore **DENIED**.

**ORDERED** in Tampa, Florida, on November 4, 2026.

Kathryn Kimball Mizelle
United States District Judge